UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | JUDGE |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, B. J. PISCITELLI (#18105), K. | ) | Magistrate Judge |
| CORTES (#5873), RENAISSANCE HOTEL | ) | |
| OPERATING COMPANY, MARRIOTT | ) | Jury Trial Demanded |
| INTERNATIONAL, INC., WATERMARK | ) | |
| CAPITAL PARTNERS, LLC, MARRIOTT | ) | |
| INTERNATIONAL ADMINISTRATIVE | ) | |
| SERVICES, INC., & MICHAEL RUSNAK, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ROBERT JOHNSON (hereinafter referred to as "Plaintiff"), by

and through his attorney, JULIAN JOHNSON, The Law Office of Julian Johnson, LLC, for

Plaintiff's Complaint and jury demand against Defendants the CITY OF CHICAGO, Illinois, a

municipal corporation, B. J. PISCITELLI, K. CORTES, RENAISSANCE HOTEL

OPERATING COMPANY, MARRIOTT INTERNATIONAL, INC., WATERMARK CAPITAL

PARTNERS, LLC, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC.,

and MICHAEL RUSNAK, and states as follows:

## JURISDICTION & VENUE

1.      This action is brought pursuant to 42 42 U.S.C. §1983 to redress the deprivation under

color of law of Plaintiff's rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

1

3.     Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

**PARTIES**

4.     At all relevant times, Plaintiff, Robert Johnson, was and is a citizen of the United States and was within the jurisdiction of this court.

5.     At all relevant times, Defendants B. J. Piscitelli, and K. Cortes were City of Chicago Police Department employees, employed by the City of Chicago, acting under color of law and within the course and scope of their employment.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of this incident in this case, was the employer and principal of Defendants B. J. Piscitelli, and K. Cortes. Should Plaintiff prevail on his claims, Defendant, City of Chicago, must indemnify Defendants B. J. Piscitelli, and K. Cortes on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

7.     At all times herein mentioned, Defendant Renaissance Hotel Operating Company is a corporation with substantial contacts in the State of Illinois. Plaintiff has reasonable knowledge and belief that Renaissance Hotel Operating Company managed and operated Renaissance Chicago Downtown Hotel at all times herein mentioned. At all relevant times, Defendant Renaissance Hotel Operating Company was the employer and principal of Defendant Michael Rusnak.

8.     At all times mentioned herein, Defendant Marriott International, Inc., is a corporation with substantial contacts in the State of Illinois. Plaintiff has reasonable knowledge and belief that Marriott International, Inc., owned and operated Renaissance Chicago Downtown Hotel at

2

all times herein mentioned. At all relevant times, Defendant Marriott International, Inc. was the employer and principal of Defendant Michael Rusnak.

9. At all times mentioned herein, Defendant Watermark Capital Partners, LLC is a company located in the State of Illinois. Plaintiff has reasonable knowledge and belief that Watermark Capital Partners, LLC owned Renaissance Chicago Downtown Hotel at all times herein mentioned. At all relevant times, Defendant Watermark Capital Partners, LLC was the employer and principal of Defendant Michael Rusnak.

10. At all relevant times Marriott International Administrative Services, Inc. is a corporation with substantial contacts in the State of Illinois. Plaintiff has reasonable knowledge and belief that Marriot International Administrative Services, Inc., owned and operated Renaissance Chicago Downtown Hotel at all times herein mentioned. At all relevant times, Defendant Marriott International Administrative Services, Inc. was the employer and principal of Defendant Michael Rusnak.

11. At all relevant times, Defendant Michael Rusnak was and is a citizen of the United States and was within the jurisdiction of this court. Defendant Rusnak worked as security personnel at the Renaissance Chicago Downtown Hotel and acted within the course and scope of his employment at all times mentioned in this complaint.

## **FACTUAL ALLEGATONS**

12. On June 21, 2026, Plaintiff was riding his skateboard near the Renaissance Chicago Downtown Hotel in Chicago.

13. Plaintiff was approached by Defendant Michael Rusnak, head of security at the hotel, and instructed to move away from the hotel.

14. Plaintiff attempted to comply and move away from the vicinity of the hotel.

3

15. As Plaintiff attempted to leave the vicinity of the hotel, Defendant Rusnak extended his foot in the path of Plaintiff's skateboard and attempted to knock Plaintiff down.

16. Plaintiff again attempted to leave the vicinity of the hotel by riding his skateboard away in the opposite direction of the hotel.

17. As Plaintiff attempted to leave for a second time, Defendant Rusnak once again extended his foot in the path of Plaintiff's skateboard and attempted to knock Plaintiff down.

18. Defendant Rusnak then physically attacked Plaintiff, causing physical injury to Plaintiff.

19. Plaintiff called the Chicago Police to report the attack.

20. Chicago Police officers, including Defendants B. J. Piscitelli and K. Cortes, arrived at the hotel and immediately took Plaintiff into custody.

21. Plaintiff told Chicago Police officers, including Defendants Piscitelli and Cortes, that Defendant Rusnak attacked him first.

22. Defendants Cortes and Piscitelli ignored Plaintiff and instead spoke only to Defendant Rusnak.

23. Defendant Rusnak told Defendants Piscitelli and Cortes that Plaintiff attacked him after he requested that Plaintiff leave the hotel grounds.

24. Defendants Piscitelli and Cortes requested that Defendant Rusnak show them the surveillance video from the location where the altercation occurred.

25. Moments later, Defendant Rusnak retrieved the video in his office and played it. As they reviewed the video, Defendant Cortes observed on the video Defendant Rusnak attempt to trip Plaintiff twice. He informs Defendant Rusnak that he observes this on the video.

26. Defendant Rusnak said he did not recall taking these actions against Plaintiff but did see them on the video.

4

27. Defendant Cortes disregarded the fact that Rusnak was the aggressor and attacked Plaintiff first and said that it was fine because he had previously asked Plaintiff to leave the hotel grounds.

28. Defendant Rusnak told the officers he was injured by Plaintiff.

29. Defendant Cortes admitted to Defendant Rusnak that he could not tell if he was injured on his face or just very tanned.

30. Defendants Piscitelli and Cortes ignored all evidence and the lack of probable cause and arrested Plaintiff and charged him with aggravated battery to a peace officer, and trespass. They instructed Defendant Rusnak to sign criminal complaint forms.

31. Defendants Cortes, Piscitelli, and Rusnak knew that Plaintiff had not attacked Defendant Rusnak first and that Rusnak initiated and was the aggressor in the altercation. Yet they proceeded with false charges against Plaintiff.

32. On or about July 30, 2025, all charges were dismissed against Plaintiff in a manner indicative of his innocence.

**COUNT I - 42 U.S.C §1983**
**False Arrest – Cortes and Piscitelli**

33. Plaintiff realleges and incorporates the factual allegations in paragraphs 1-32 as if fully stated herein.

34. As described in the above paragraphs Defendants Cortes and Piscitelli arrested Plaintiff without probable cause.

35. Defendants Cortes and Piscitelli concealed and hid evidence, and fabricated police reports stating that Plaintiff attacked Defendant Rusnak and refused to leave hotel grounds.

36. Defendant Cortes and Piscitelli undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

37. As a result of the misconduct, Plaintiff suffered loss of liberty, and other damages.

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Cortes and Piscitelli, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C §1983
### Federal Malicious Prosecution – Cortes and Piscitelli

38. Plaintiff realleges and incorporates the factual allegations in paragraphs 1- 32 as if fully stated herein.

39. Defendants Cortes and Piscitelli proceeded with charges against Plaintiff knowing they were false and lacked probable cause.

40. The misconduct was undertaken by the Defendants Cortes and Piscitelli under color of law, under the course and scope of their employment, was intentional, malicious, and willful indifference to the Plaintiff's constitutional rights.

41. Plaintiff's criminal charges were dismissed approximately on or about July 30, 2025.

42. As a result of the misconduct of Defendants Cortes and Piscitelli, Plaintiff suffered fear, loss of liberty, emotional anxiety, emotional distress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Cortes and Piscitelli, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

6

**COUNT III – Illinois State Law**
**Malicious Prosecution – Cortes, Piscitelli, and the City of Chicago**

43. Plaintiff realleges and incorporates the factual allegations in paragraphs 1-32 as if fully stated herein.

44. As described above, Defendants Cortes, Piscitelli, and the City of Chicago, by and through its agents and/or employees, arrested, commenced and/or continued criminal proceedings against Plaintiff, or caused to be commenced and/or continued criminal proceedings against the Plaintiff, without probable cause or legal justification. Plaintiff was charged because of the false accusations of the defendant officers.

45. Defendants Cortes, Piscitelli, and the City of Chicago, by and through its agents, undertook these actions intentionally and with malice.

46. On or about July 30, 2025, all criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in his favor in a manner indicative of innocence.

47. As a result of the conduct of Defendants Cortes, Piscitelli, and the City of Chicago, by and through its agents, Plaintiff suffered fear, loss of liberty, emotional anxiety, emotional distress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Cortes, Piscitelli, and the City of Chicago, awarding compensatory damages, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

**COUNT IV – Illinois State Law**
**Malicious Prosecution – Renaissance Hotel Operating Company, Marriott International, Inc., Watermark Capital Partners, LLC, Marriott International Administrative Services, Inc., and Rusnak**

48. Plaintiff realleges and incorporates the factual allegations in paragraphs 1-32 as if fully stated herein.

49. As described above, Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees, arrested, commenced and/or continued criminal proceedings against Plaintiff, or caused to be commenced and/or continued criminal proceedings against the Plaintiff, without probable cause or legal justification. Plaintiff was charged because of the false accusations of the above-mentioned defendants.

50. Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees, undertook these actions intentionally and with malice.

51. On or about July 30, 2025, all criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in his favor in a manner indicative of innocence.

52. As a result of Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees, Plaintiff suffered fear, loss of liberty, emotional anxiety, emotional distress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Rusnak, Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc. and Watermark Capital Partners, LLC, awarding compensatory damages, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

8

**COUNT V – Illinois State Law**
**False Arrest – Renaissance Hotel Operating Company, Marriott International, Inc., Watermark Capital Partners, LLC, Marriott International Administrative Services, Inc., and Rusnak**

53.     Plaintiff realleges and incorporates the factual allegations in paragraphs 1-32 as if fully stated herein.

54.     As described above, Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees provided intentionally false statements causing plaintiff to be arrested and imprisoned.

55.     Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees knew these statements were false, and that Plaintiff had committed no crime and sought to have Plaintiff arrested anyway.

56.     As a result of the defendants misconduct as alleged in this Count, Plaintiff suffered loss of liberty, and other damages

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Rusnak, Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, awarding compensatory damages, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT VI – Illinois State Law
**Battery – Renaissance Hotel Operating Company, Marriott International, Inc., Watermark Capital Partners, LLC, Marriott International Administrative Services, Inc., and Rusnak**

57.     Plaintiff realleges and incorporates the factual allegations in paragraphs 1-32 as if fully stated herein.

58.     As described more fully above, the misconduct committed by Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees include making physical contact with Plaintiff in numerous ways that were offensive and harmful.

59.     The offensive contact alleged herein was made without legal justification.

60.     As a result of the offensive contact, Plaintiff suffered physical injuries. In addition, Plaintiff suffered damages, and pain and suffering.

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Rusnak, Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, awarding compensatory damages, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT VII – Illinois State Law
**Intentional Infliction of Emotional Distress – Renaissance Hotel Operating Company, Marriott International, Inc., Watermark Capital Partners, LLC, Marriott International Administrative Services, Inc., and Rusnak**

61.     Plaintiff realleges and incorporates the factual allegations in paragraphs 1-32 as if fully stated herein.

10

62.     The conduct of Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

63.     Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees intended to inflict severe emotional distress on Plaintiff.

64.     Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

65.     The misconduct of Defendants Rusnak, and Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, by and through its agents and/or employees caused Plaintiff to experience severe emotional distress.

WHEREFORE, Plaintiff, Robert Johnson, prays for judgment in his favor and against Defendants Rusnak, Renaissance Hotel Operating Company, Marriott International, Inc., Marriott International Administrative Services, Inc., and Watermark Capital Partners, LLC, awarding compensatory damages, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

**COUNT VIII – Illinois State Law**
**Indemnification – City of Chicago**

66.     Each of the foregoing paragraphs is incorporated as if fully restated herein.

67.     At all times, Defendant City of Chicago was the employer of the Individual Defendants Chicago Police officers.

68.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

69.     The Individual Defendant Chicago Police Officers committed the alleged acts under the color of law and in the course and scope of their employment with the City of Chicago.

70.     As a proximate cause of the Individual Defendants Chicago Police Officers' unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff, Robert Johnson, suffered physical, monetary, and emotional injuries.

WHEREFORE, Plaintiff, Robert Johnson pursuant to 745 ILCS 10/9-102, demands judgment against Defendant City of Chicago, in the amounts awarded to Plaintiff against Defendants Cortes and Piscitelli, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts.

**DATED**:        June 5, 2026                        Respectfully Submitted,

Robert Johnson, Plaintiff

By:     /s/ Julian Johnson
        Plaintiff's Attorney
        The Law Office of Julian Johnson, LLC
        125 South Wacker Drive, Suite 300
        Chicago, Illinois 60606
        Phone: 312-487-1711
        julian@julianjohnsonlaw.com

12